**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Heartland Trademarks, Ltd. v. Kaleidescope Imprints

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

05 - 10927 GAO

- [ ] I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

- [x] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
       740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

- [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
       315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
       380, 385, 450, 891.

- [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
       690, 810, 861-865, 870, 871, 875, 900.

- [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [x]

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [ ]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [x]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME David Lurie, Thomas Lent

ADDRESS Lurie & Krupp, LLP, 1 McKinley Square, Boston, MA 02109

TELEPHONE NO. 617-367-1970

(CategoryForm.wpd - 5/2/05)

°*JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**

Heartland Trademarks, Ltd. and Heartland of Ithaca, Ltd.

**(b)**  County of Residence of First Listed Plaintiff    Onondaga
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)  David Lurie
Thomas Lent, Lurie & Krupp LLP, 1 McKinley Square, Boston, MA 02109  617-367-1970

**DEFENDANTS**

Kaleidoscope Imprints and Sue C. Tobelman

County of Residence of First Listed Defendant    Barnstable
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION**  (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN**  (Place an "X" in One Box Only)

| | | | | | | | Appeal to District |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 | Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 15 U.S.C. §1114(1);
15 U.S.C. §1125(a); 15 U.S.C. §1121; 28 U.S.C. §§1331 and 1338(a)
Brief description of cause: Action for trademark infringement arising under Trademark Laws of United States and false and misleading advertising under Lanham Act.

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint: JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):  JUDGE    DOCKET NUMBER

DATE  5/5/2005

SIGNATURE OF ATTORNEY OF RECORD   *Thomas E. Lent*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

|  |  |
|---|---|
| Heartland Trademarks, Ltd. and Heartland of Ithaca, Ltd. )<br>)<br>) | Civil Action No. 05-10927 GAO |

Heartland Trademarks, Ltd. and Heartland
of Ithaca, Ltd.                                  )
                                                 )
                         Plaintiffs,             )
                                                 )
              -v-                                )
                                                 )
Kaleidoscope Imprints and                        )
Sue C. Tobelman,                                 )
                                                 )
                         Defendants.             )
                                                 )

Civil Action No. 05-10927 GAO


Complaint
And Demand for Jury Trial

Plaintiffs, Heartland Trademarks, Ltd. and Heartland of Ithaca, Ltd. (collectively "Heartland" or "Plaintiffs"), by their attorneys, Harris Beach PLLC, allege the following as and for its Complaint against Defendants, Kaleidoscope Imprints ("Kaleidoscope") and Sue C. Tobelman ("Tobelman"), (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.    This is an action for trademark infringement arising under Trademark Laws of the United States 15 U.S.C. § 1114 (1) and false and misleading advertising under section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).  This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

2.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(a).

## THE PARTIES

3.    Plaintiff Heartland is a corporation organized and authorized to do business under the laws of the State of New York, having its principal place of business at 2030 Erie Boulevard in the City of Syracuse, County of Onondaga, State of New York.

4.    Plaintiff Heartland of Ithaca is a corporation organized and authorized to do business under the laws of the State of New York, having its principal place of business at 2030 Erie Blvd., East Syracuse, State of New York.

5.    Defendant Kaleidoscope is a corporation organized and existing under the laws of the State of Massachusetts, having its principal of business at 103-C Mid Tech Dr., W. Yarmouth, Massachusetts.

6.    Defendant Tobelman is officer, director and proprietor of Defendant Kaleidscope.

7.    Upon information and belief, Defendant Kaleidoscope and Tobleman conduct business in the State of Massachusetts and engage in interstate commerce in this judicial district.

## BACKGROUND FACTS

8.    Plaintiffs are the owners and licensees of Trademark Registration No. 1,992,575 for the FLAX trademark, which was registered on the Principal Register of the United States Patent and Trademark Office on August 13, 1996.  See Exhibit "A".

9.    Registration of the FLAX mark is currently in full force and effect, and is valid and subsisting.  Plaintiffs have complied in all respects with the requirements of Sections 8 and 15 of the Trademark Act of 1946 and, thus, registration of the FLAX mark is incontestable.

10.    Plaintiff Heartland, Ltd., through its licensee Plaintiff Heartland of Ithaca, Ltd., is involved in the business of designing, manufacturing and marketing clothing under such brand

2

names as "Flax," "Flaxseeds," "Haymaker" and "R-Clan." Among these brands, "Flax" is the most commercially successful.

11.     Defendants operate a clothing design and manufacturing company primarily focused on custom imprints, embroidery, promotional goods and a line of retail designs under the trade name of "D. Flax." Defendants sell their products directly to consumers and merchants from their offices in West Yarmouth, Massachusetts, through catalogue services and via their website, <www.kaleidoscopeimprints.com>. See Exhibits "B" and "C".

12.     Defendants are not and were never authorized to use Plaintiffs' FLAX mark in any manner. Moreover, Defendants are neither affiliated with nor a licensee of Plaintiffs.

13.     Upon discovery of Defendants' infringing activity, on January 23, 2003, Defendants were told to cease and desist from using the FLAX mark. See Exhibit "D".

14.     Despite receiving Plaintiffs' cease and desist letter, Defendants continue to infringe on Plaintiffs' mark.

15.     Defendants' use of Plaintiffs' trademark to sell competing products is a violation of the trademark laws of the United States.

16.     By this action, Plaintiffs' seeks judgment against Defendants for infringing on Plaintiffs' trademark.

FIRST COUNT

TRADEMARK INFRINGMENT
15 U.S.C. § 1114 (1)

17.     Plaintiffs reallege and incorporate by reference the allegations of the above paragraphs 1-16.

18.     Plaintiffs have invested and continue to invest substantial time, effort and other resources to promote and protect the FLAX mark as a symbol of excellence. The FLAX mark

3

now enjoys, and has long enjoyed, exceedingly valuable goodwill in the United States and throughout the world as associated with Plaintiffs' reputation for excellence in designing and manufacturing exceptional and unique clothing for the past eight (8) years.

19.    Upon information and belief, Plaintiffs' FLAX mark and Defendants' unauthorized and infringing product name of "D. Flax" are similar and move through similar channels of trade to similar classes of consumers and, Plaintiffs and Defendants are in competition with respect to the products sold to those classes of consumers.

20.    Upon information and belief, Defendants use and continued use of the "D. Flax" trade name is so similar to Plaintiffs' FLAX mark, Defendants' use of the "D. Flax" name is likely to cause confusion, mistake or deception as to the source or origin of Defendants' products in that the public and others are likely to believe that Defendants' products are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected with Plaintiffs, causing irreparable harm to Plaintiffs.

21.    Defendants' acts constitute willful and deliberate infringement of the FLAX mark in violation of Section 32 (1) of the Lanham Act, 15 U.S.C. § 1114 (1).

22.    Defendants' unauthorized infringement of Plaintiffs' registered trademark has resulted in substantial wrongful profits to Defendants, the full extent of which is yet to be determined.

23.    Defendants' acts of trademark infringement have caused irreparable injury to Plaintiffs' market share, goodwill and reputation in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiffs with no adequate remedy at law.

4

24.    Because Defendants have willfully used the FLAX mark in a manner calculated to cause confusion in the sale, offering-for-sale and advertising of its products, Plaintiffs is entitled to recover their reasonable attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1117.

## SECOND COUNT

## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### 15 U.S.C. § 1125 (a)

25.    Plaintiffs reallege and incorporate by reference the allegations of the above paragraphs 1-24.

26.    Plaintiffs' FLAX mark is a well known and recognized mark in the clothing industry and among consumers of said products.

27.    The relevant consumer market associates the FLAX mark for dresses, skirts, pants, jackets, shirts, coats and shoes with Plaintiffs' goodwill and excellence for quality in designing and manufacturing same.

28.    Defendants are currently using Plaintiffs' FLAX mark on their websites to divert consumers of Plaintiffs' products to the following website: <http://www.kaleidoscopeimprints.com>. Upon information and belief, this website is owned and operated by Defendants.

29.    The website improperly displays Plaintiffs' FLAX mark without Plaintiffs' permission.

30.    Defendants at no time were authorized to use the FLAX mark or any other proprietary information associated with Plaintiffs' FLAX product line in their website or any other medium in any manner.

31.    Upon information and belief, Defendants are currently using the FLAX mark knowingly and deliberately on their website to draw and divert consumers of Plaintiffs' products to their website to sell competing products.

32.    Upon information and belief, Defendants' use of Plaintiffs' FLAX mark on the website <http://www.kaleidoscopeimprints.com> is designed to capture initial consumer attention and improperly benefit from Plaintiffs' goodwill that Plaintiffs developed over the past eight (8) years in its trademarks.

33.    Upon information and belief, the aforesaid acts were undertaken by Defendants willfully and with the intention of causing confusion, mistake or deception.

34.    By using Plaintiffs' FLAX mark, Defendants have made and are making false, deceptive and misleading statements constituting trademark infringement, unfair competition, false designation of origin and false and misleading advertising in connection with their effort to create initial interest confusion and divert business in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).

35.    Defendants' unauthorized use of the FLAX mark has resulted in substantial wrongful profits to Defendants, the full extent of which is yet to be determined.

36.    Defendants' acts of trademark infringement, unfair competition, false designation of origin and false and misleading advertising have caused irreparable injury to Plaintiffs goodwill and reputation in an amount that cannot be ascertained at this time.

37.    By reason of the foregoing, Plaintiffs is entitled to judgment against Defendants for the aforesaid acts of trademark infringement, unfair competition, false designation of origin and false and misleading advertising.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Heartland and Heartland of Ithaca pray:

1.    For a judgment of infringement of Plaintiffs' FLAX trademark;

2.    For a judgment of unfair competition and false designation of origin against Defendants;

3.    For an accounting to Plaintiffs of all profits realized by Defendants, or others acting in concert or participation with Defendants, from the sale and distribution of products sold in connection with the foregoing acts of trademark infringement, false designation of origin and unfair competition under Federal law.

4.    For an award of damages according to proof;

    a)    for a finding of willful infringement of Plaintiffs' FLAX trademark against Defendants and a trebling of damages against Defendants;

    b)    for an award of reasonable attorneys' fees and expenses incurred in this action;

    c)    for an award of costs including pre-trial interest; and

    d)    for an award of such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands trial by jury as to all issues so triable.

7

Respectfully submitted,

HEARTLAND TRADEMARKS, LTD. and
HEARTLAND OF ITHACA, LTD.

By its attorneys,

Dated: May 9, 2005

*Thomas E Lent (SAL)*

David E. Lurie, BBO #542030
Thomas E. Lent, BBO #644970
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109
(617) 367-1970
Email: dlurie@luriekrupp.com
Email: tlent@luriekrupp.com

Neal L. Slifkin
Yohannes Assefa
HARRIS BEACH LLP
99 Garnsey Road
Pittsford, New York 14534
(585) 419-8800
*Attorneys for Plaintiffs*

L:\ya\Heartland Trademlarks, Ltd. v. Kaleidoscope.doc
5/9/2005 12:07:06 PM



**UNITED STATES**
**PATENT AND**
★★★★ **TRADEMARK OFFICE**

REC'D MAR 3 1 2003

MARCH 27, 2003                    PTAS

NEAL L. SLIFKIN
HARRIS BEACH LLP
99 GARNSEY ROAD
PITTSFORD, NY 14534

Under Secretary of Commerce For Intellectual Property and
Director of the United States Patent and Trademark Office
Washington, DC 20231
www.uspto.gov


*102293515A*

UNITED STATES PATENT AND TRADEMARK OFFICE
NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT DIVISION OF
THE U.S. PATENT AND TRADEMARK OFFICE. A COMPLETE MICROFILM COPY IS
AVAILABLE AT THE ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER
REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE. THE
INFORMATION CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA
PRESENT IN THE PATENT AND TRADEMARK ASSIGNMENT SYSTEM. IF YOU SHOULD
FIND ANY ERRORS OR HAVE QUESTIONS CONCERNING THIS NOTICE, YOU MAY
CONTACT THE EMPLOYEE WHOSE NAME APPEARS ON THIS NOTICE AT 703-308-9723.
PLEASE SEND REQUEST FOR CORRECTION TO: U.S. PATENT AND TRADEMARK OFFICE,
ASSIGNMENT DIVISION, BOX ASSIGNMENTS, CG-4, 1213 JEFFERSON DAVIS HWY,
SUITE 320, WASHINGTON, D.C. 20231.

RECORDATION DATE: 10/25/2002          REEL/FRAME: 002623/0222
                                      NUMBER OF PAGES: 3

BRIEF: ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL

ASSIGNOR:
    ENGELHART, JEANNE               DOC DATE: 09/17/2001
                                    CITIZENSHIP: UNITED STATES
                                    ENTITY: INDIVIDUAL

ASSIGNEE:
    HEARTLAND TRADEMARKS, LTD       CITIZENSHIP: NEW YORK
    2030 ERIE BOULEVARD             ENTITY: CORPORATION
    SYRACUSE, NEW YORK 13224

APPLICATION NUMBER: 74621231        FILING DATE: 01/13/1995
REGISTRATION NUMBER: 1992575        ISSUE DATE: 08/13/1996

MARK: FLAX
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

002623/0222 PAGE 2

MARCUS KIRK, EXAMINER
ASSIGNMENT DIVISION
OFFICE OF PUBLIC RECORDS

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 1,992,575

Registered Aug. 13, 1996

## TRADEMARK
### PRINCIPAL REGISTER

## FLAX

ENGELHART, JEANNE (UNITED STATES CIT-
IZEN), DBA ANGELHEART DESIGNS
303 GUNDERMAN ROAD
SPENCER, NY 14883

FOR: DRESSES, SKIRTS, PANTS, JACKETS,
SHIRTS, COATS AND SHOES, IN CLASS 25
(U.S. CLS. 22 AND 39).

FIRST USE 3-0-1993; IN COMMERCE
3-0-1993.

SER. NO. 74-621,231, FILED 1-13-1995.

RONALD R. SUSSMAN, EXAMINING ATTOR-
NEY

## ASSIGNMENT AGREEMENT

This Agreement is dated as of the ___ day of February, 2002 and is effective as of September 17, 2001, by and among Jeanne Engelhart, Matthew Engelhart and Angelheart Designs, Inc., a New York corporation (collectively, the "ASSIGNORS") and Heartland Trademarks, Ltd., a New York corporation ("ASSIGNEE").

WHEREAS, ASSIGNORS have assigned to ASSIGNEE by an Assignment Agreement, dated September 17, 2001, certain trademarks, trademark applications, trademark registrations, service marks, services mark applications, and service mark registrations, trade names, collection names and labels relating to their business; and

WHEREAS, the Assignment Agreement included an assignment of the Flax Trademark and the Flax Trademark Registration, but incorrectly listed the registration number as Registration Number 1,554,798;

WHEREAS, the Assignment of the incorrect registration number was recorded with the U.S. Patent and Trademark Office;

WHEREAS, ASSIGNOR and ASSIGNEE desire to correct the records of the U.S. Patent and Trademark Office and confirm ownership by ASSIGNEE of the Flax Trademark and U.S. Registration Number 1,992,575;

NOW, THEREFORE, in consideration of the covenants and agreements set forth in the Asset Purchase Agreement, dated as of September 13, 2001, by and among ASSIGNORS and Heartland of Ithaca, Ltd., as well as other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties, intending to be legally bound, hereby agree as follows:

1.     ASSIGNORS and their employees and agents, hereby assign to ASSIGNEE all right, title and interest in and to the Flax Trademark and the trademark registration therefor, U.S. Trademark Registration Number 1,992,575, including the goodwill symbolized thereby.

2.     At ASSIGNEE's request, ASSIGNORS and their employees and agents, shall sign any and all documents, instruments and agreements necessary or appropriate to confirm or otherwise effect ownership of the Flax Trademark and U.S. Trademark Registration Number 1,992,575 with ASSIGNEE.

3.     Notwithstanding principles of conflicts of laws, this Agreement shall be governed by and interpreted according to the laws of the State of New York. This Agreement may be executed in several counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date and year first above written.

ASSIGNORS:

Jeanne Engelhart, Individually

Matthew Engelhart, Individually

ANGELHEART DESIGNS, INC.

By: _____
Matthew Engelhart, Vice President

ASSIGNEE:

HEARTLAND TRADEMARKS, LTD.

By: _____
Philip P. W. Chang, President

# FABULOUS FASHION, EXCEPTIONAL VALUE



# JANUARY 9-11, 2005
# JAVITS CENTER MANHATTAN

# CONTENTS



cchu Jewelry Co.
)oth # 1083

4 90401 Ph 310.395.9021 Fax 310.576.0871 mpjco@verizon.net

WELCOME LETTER

STAFF

GENERAL INFORMATION

 9    ALPHABETICAL/
BOOTH NUMBER LISTINGS

 16    PRODUCT CATEGORIES

 46    EXHIBITOR INFORMATION

Expanding FAME

FAME is most pleased to announce a set of dates that you can count on during New York's major fashion markets at NYC's premier convention center.

Based on your input, the ultimate goal of Business Journals Inc, the producers of FAME, has always been to run the Show at the same time and under the same roof as its other fashion events, AccessoriesTheShow and Moda Manhattan. This is what you have told us that you want and this is what we are now proud to provide throughout the year.

While the dates, exhibitor participation and retail attendance levels of FAME are expanding, many things about the show are not changing. FAME will continue to provide outstanding customer service and a clean, professional and easy-to-shop presentation of women's apparel and accessories.

FAME was launched to be a show for the industry, with the industry. Our goal was to rebuild the very successful, order-writing markets that capitalized on the fact that New York is indeed the fashion capital of the world. Now that FAME is able to offer reliable and consistent dates during the tried and true NYC market weeks, the show looks forward to being your complete home of fabulous fashion at exceptional value in New York.

We thank you for your continued support of FAME and look forward to serving your needs more completely. In the meantime, we hope that you have a fantastic immediate Spring/ Summer market.

Samuel R. Starr, President, FAME

4
F A M E

## 1526
# Culture Shop
1713 E. Carson St. Ste. 2-R
Pittsburgh, PA 15203
(800) 481-3388 — FAX: (800) 481-3388
Contact: George Andrews
*Blouses/Shirts*
*Dresses*
*Handbags*
*Junior Apparel*
*Resort Apparel*
*Scarves & Shawls*

## 1268
# Cute Options, Inc.
9221 Van Alden Ave.
Northridge, CA 91324
(818) 772-6070 — FAX: (818) 772-8580
Contact: Roger
E-Mail: cuteoptions@aol.com
*Junior Apparel*

## 1367
# D. Flax at Kaleidscope
103-C Mid Tech Dr.
W. Yarmouth, MA 02673
(508) 778-1228 — FAX: (508) 790-2115
Contact: Geoff Jumper
E-Mail: k-scope@cape.com
*Activewear*
*Casual/Weekend Wear*
*Resort Apparel*
*T-Shirts*
*Unisex/Men's*

## 1457
# D.Myers & Sons
# G.Wiz
# Amanda
# Jubilee
# Jennifer B.
# Costablanca
# Cianni
# Valentina Rosso
4311 Erdman Ave.
Baltimore, MD 21213
(410) 522-7500 — FAX: (410) 522-7575
(800) 367-7463
Contact: Ed Spiegel
E-Mail: shoes@dmeyers.com
Web: www.DMyers.com
*Footwear*
*Handbags*

 





Kaliedoscope Imprints has been a custom screenprinting company on Cape Cod since 1987. In the beginning, our focus was on quality printing on quality garments. Since our inception, we have branched out to include embroidery, promotional items and our D.Flax line of retail designs, all consistently produced on quality goods.

About us

Clothing

Art Dept.

Promo Products

D.Flax

More

Links



dflaxhomepage2





**HARRIS BEACH** LLP

ATTORNEYS AT LAW

January 23, 2003

99 GARNSEY ROAD
PITTSFORD, NEW YORK 14534
(585) 419-8800

*Certified Mail –*
*Return Receipt Requested*

Mr. Steve Karns
D. Flax at Kaleidescope
103-C Mid Tech Drive
West Yarmouth, MA 02673

Dear Mr. Karns:

      We represent Heartland Trademarks, Ltd. ("Heartland"), the owner of the FLAX trademark, U.S. Trademark Registration No. 1,992,575. It has come to our attention that you are using D. Flax at Kaleidescope in connection with the sale of clothing. Your use of D. Flax for the sale of clothing is likely to cause confusion with our client's mark and is an infringement of Heartland's rights. Heartland's FLAX mark has achieved strong consumer recognition and is a valuable asset. As such, you will appreciate that Heartland will make every effort to protect this mark.

      On behalf of our client, we hereby demand that you immediately and permanently cease and desist from all uses of the FLAX trademark in connection with the sale of clothing or otherwise. Additionally, we require that you provide us proof, in writing, by January 31, 2003, that you have ceased using the mark in connection with the sale of clothing.

      Heartland hopes that this matter may be resolved quickly and amicably. Please be advised, however, that we have been instructed by our client to take whatever appropriate legal action may be required to assure that your infringement ceases. Specifically, please be advised that unless you promptly cease your infringing activities, we will institute a lawsuit to enjoin your infringement and to obtain compensation for lost profits, damages and attorneys' fees.

Sincerely,

Neal L. Slifkin

NLS:nac

cc: Patrick J. Dalton, Esq.

T:\USER\NOS\WDATA\H\d.flax.ltr.doc
1/23/2003 3:04:19 PM